UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO AT DENVER

-----------------------------------------------------------------X

**JOHN E. AUGSPURGER D.D.S**.

                                Plaintiff                 Case No:

                                                                       **1:20-cv-03510-RM-SKC**

vs.

**Thomas Pyne DDS** in his official capacity ET.AL.

                                Defendants.

-----------------------------------------------------------------X

**PLAINTIFF'S UNOPPOSED MOTION TO FILE DOCUMENT
NO. 33 AND EX 1 ATTACHED UNDER SEAL PURSUANT
TO LOCAL CIVIL RULE 7.2.**

COMES NOW the Plaintiff by his undersigned attorney and hereby moves

this Court pursuant to Local Civil Rule 7.2 for an order  allowing the Plaintiff to

file Docket Doc. 33 – Plaintiff's Affidavit in Opposition to Motion to Dismiss and

EX 1 annexed thereto under seal.

      1.     Plaintiff is asking the Court to provide a Level 1 restriction to limit

the view of the document to the parties and to the Court in accordance with LCR

7.2(b)

      2.     In accordance with the provisions of LCR 7.2(c) and in support of this

motion plaintiff sets forth as follows:

(i)     The document for which the restriction is sought is docket doc. 33 –
Plaintiff's affidavit in opposition to Motion to Dismiss  and attachment 1 – EX  to
Plaintiff's Affidavit in opposition of Motion to Dismiss.

(ii)     The interest to be protected is patient JR' confidentiality interest in her
healthcare dental records. Although the Plaintiff redacted all identifying information
in EX 1 and the public cannot discern whom the dental records belong to, in EX A
to their memorandum the defendants disclosed the full name of the patient thereby
inadvertently exposing her identity. A patient's dental records and procedures and
not matters of public interest and are  protected by confidentiality privilege of the
HIPAA regulations and of the Colorado privacy laws. The dental record of patient
JR is not a matter of public interest.

(iii)     Although the patient's dental records have been redacted in accordance
with the redaction rules of this Court in order to avoid the disclosure of the patient's
identity, restricted access to EX 1 to Doc. 33 referencing EX1 is necessary to protect
the confidential information in the dental record as paraphrased in Plaintiff's
affidavit. The restriction of the exhibit itself will not suffice as the contents of the
same are set forth in Plaintiff's affidavit. Therefore both Doc. 33 and the exhibit must
have restricted access. The submission of the dental records alongside Plaintiff's
affidavit is necessary to address the issue of bad faith prosecution vis a vis

defendants' expert report EX A to the motion to deimsis, submitted in support of the

motion to dismiss.

(iv)    Plaintiff is seeking Level 1 restriction of Doc. 33 and EX 1.

## D.C. COLO. LCiv.R 7.1(a) Certification

In accordance with D.C.COLO. L. Civ. R 7.1(b)(2), undersigned counsel

conferred with Defendants' counsel on June 20, 2021, by email before filing this

Motion. Defendants are not opposing the relief sought in this motion and will not

oppose the same.

Dated:  June 23, 2021

Attorney for the Plaintiff
/s/ Jacques G. Simon
JACQUES G. SIMON
ATTORNEY AT LAW
200 Garden City Plaza
Suite 301
Garden City, NY 11530
Phone: 516-378-8400
Fax:    516- 559-7009
Email:jgs@jacquessimon.com

## CERTIFICATE OF SERVICE:

On June 23, 2021 I caused the within motion to be served upon the undersigned attorneys for the defendants by filing the same with the ECF document filing system of the US District Court District of Colorado which in turn automatically served the same document on the attorney for the defendants.

Attorney for the defendants
Daniel Snow Esq.,
DANIEL B. SNOW #49821*
Assistant Attorney General
Business & Licensing
Attorneys for the Colorado Dental Board
1300 Broadway, 8th Floor
Denver, Colorado 80203
Telephone: 720-508-6380 FAX: 720-508-6037
E-Mail: Daniel.snow@coag.gov

*/s/ Jacques G. Simon*