IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:20-cv-03510-RM-SKC

JOHN E. AUGSPURGER, D.D.S.,

    Plaintiff,

v.

THOMAS PYNE D.D.S., in his official capacity;
MARK ADAMS D.D.S, MS, Panel Chair – Panel A –
in his official capacity;
PAIGE MCEVOY, RDH, MS, in her official capacity;
LISA CARLSON-MARKS, D.D.S., in her official capacity;
ROMINDER KAUR, D.D.S., in her official capacity:
GREGGORY LABERGE, Ph.D., Panel Vice Chair,
in his official capacity;
KENNETH FEILER, in his official capacity;
MASON MINER, D.D.S., Panel Chair – Panel B –
in his official capacity;
YANIRA OWENS, RDH, MHA, in her official capacity;
PATRICIA SCHONBERGER, RDH, in her official capacity;
NATALIE SCHAFER, D.D.S., MS, in her official capacity;
VIDHYALAKSHMI SAMPATH, D.D.S., in his official capacity;
EVON HOLLADAY, MBA, in his official capacity.
The individual defendants are sued herein in their
official capacity as members of the Colorado Dental Board,

    Defendants.

_____

# ORDER
_____

    This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (ECF No. 40). Defendants have filed a response to the Motion (ECF No. 44) and Plaintiff has filed a reply (ECF No. 45). The Motion is now fully briefed and the Court finds that no hearing is necessary

in order to resolve the Motion.[1]  Upon consideration of the Motion and the court record, and being otherwise fully advised, the Court finds and orders as follows.

## I.     LEGAL STANDARD

To obtain preliminary injunctive relief, a party must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted).  Because a preliminary injunction is an extraordinary remedy, the party's right to relief must be clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

## II.    BACKGROUND

This case arose after the Colorado Dental Board ("the Board") began investigating Plaintiff for dentistry misconduct.[2]  (ECF No. 2 at ¶ 50.)  Plaintiff claims that the Board is prosecuting him in bad faith and to harass, and, as a result, has violated his due process rights. (*Id.* at ¶¶ 19, 48.)

Plaintiff practices biological and holistic dentistry, utilizing natural and non-conventional treatment methodology.  (*Id.* at ¶ 114.)  The Board regulates the practice of dentistry in

---

[1] Rule Fed. R. Civ. P. 65(a) does not expressly require an evidentiary hearing before a court rules on a motion for a preliminary injunction.  *Northglenn Gunther Toody's, LLC v. HQ8-10410-10450 Melody Lane LLC*, 702 F. App'x 702, 705 (10th Cir. 2017) ("[N]either Fed. R. Civ. P. 65(a) nor this circuit's precedent require the district court to hold an evidentiary hearing or oral argument before deciding a motion for a preliminary injunction.").  Instead, a court may deny an injunction based on the written evidence without a hearing, even if one is requested, where "receiving further evidence would be manifestly pointless."  11A Charles Alan Wright et al., Federal Practice and Procedure § 2949 (3d ed. 2020).  *See also Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) (district court within discretion to decide whether to hold an evidentiary hearing); *Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191, 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (table) (same).

[2] The background facts are taken from Plaintiff's complaint as it is incorporated in his Motion by reference.  (ECF No. 40 at 3.)

Colorado. Colo. Rev. Stat. § 12-220-101, et seq. Pursuant to its governing provisions, the Board can investigate unprofessional conduct, conduct administrative hearings, and may take disciplinary action against licensed dentists who engage in such unprofessional conduct. Colo. Rev. Stat. § 12-220-106.

On October 24, 2017, patient "JR" filed a complaint for misconduct against Plaintiff based on services performed (or not performed) while being treated for various dental issues with the Board (the "JR Case"). (*Id.* at ¶¶ 98-102.)

On October 26, 2017, the Board sent Plaintiff a letter requesting that he respond to allegations in JR's complaint, especially concerning "drug abuse" and "false advertising." (ECF No. 2 at ¶ 50.) On December 17, 2017, Plaintiff responded, denying any wrongdoing. (*Id.* at ¶ 55.) The Board subsequently tabled any action in the JR Case pending receipt of additional information. (ECF No. 2-1 at 53.)

Around the same time, the Board was investigating another complaint patient "DG" had filed against Plaintiff for misconduct (the "DG Case"). (*Id.* at ¶ 59.) On February 27, 2018, Plaintiff and the Board reached a disciplinary stipulation resolving the DG Case which required Plaintiff to complete education, training, and monitoring components. (*Id.* at ¶¶ 59-60.) In addition, Plaintiff was precluded from "preforming any treatment or procedure related to preparing [sic] placing or restoring dental implants." (*Id.* at ¶ 121.)

Plaintiff claims he satisfied the education and training obligations under the stipulation, but that the Board obstructed his compliance with the monitoring requirements. (*Id.* at ¶¶ 132, 179.) This allegedly occurred when the Board proposed to merge the DG stipulation with a proffered settlement of the JR Case. (ECF No. 2-1 at 56.) Plaintiff claims the merger "sought to muddy the waters, forestall the inevitable outcome of their own breach of the terms of the DG

3

stipulation, and forestall the removal of the practice restrictions and the monitoring requirements completions related to the DG stipulation." (ECF No. 2 at ¶ 73.)

Additionally, Plaintiff claims the Board's conduct in the JR Case constituted a pattern of harassment by (1) "continuing to prosecute and persecute him beyond the completion of the terms of the DG stipulation," (2) delaying the "processing of the JR complaint and the initial restrictive inquiry of the defendants solely into the issues of 'false advertisement' and 'drug abuse,'" and (3) expanding the "scope [of] the JR charges into actual treatments and diagnostic modalities without affording the Plaintiff an opportunity to respond to such accusations." (*Id.* at ¶ 76.) In light of all this, Plaintiff declined the Board's offer to settle the JR Case. (*Id.* at ¶ 62.)

On May 14, 2020, the Board notified Plaintiff that the JR Case had been referred to the Office of the Attorney General for formal disciplinary proceedings. (ECF No. 2-2 at 5.) Plaintiff was charged with botching a cavitation procedure and record keeping deficiencies. (ECF No. 2 at ¶ 67.)

Plaintiff now seeks to preliminarily enjoin prosecution of the JR Case pursuant to Fed. R. Civ. P. 65. (ECF No. 40.)

### III.    DISCUSSION

The Court begins its inquiry with the irreparable harm prong as that "is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (quotation marks and citation omitted).

####    A.    Irreparable Harm

Plaintiff fails to show irreparable harm based on the Board's actions. "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury

that will surely result without their issuance." *Schrier*, 427 F.3d at 1267. "Demonstrating irreparable harm is 'not an easy burden to fulfill.'" *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003)). To "constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quotation marks and citation omitted). "[T]he movant 'must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages.'" *First W. Cap. Mgmt. Co.*, 874 F.3d at 1141 (citation omitted).

Here, Plaintiff contends that the Court should presume he will be irreparably harmed if the prosecution is not enjoined because it was brought in bad faith or to harass. (ECF No. 40 at 12.) Defendants disagree, arguing that simply claiming you are the target of a bad faith investigation does not show any actual harm, let alone irreparable harm. (ECF No. 44. at 10.)

First, Plaintiff is subject to an ongoing disciplinary proceeding and there has been no determination of misconduct, nor any sanctions imposed. The possibility that someday Plaintiff may be subject to disciplinary action based on the JR complaint is merely theoretical. *Schrier*, 427 F.3d at 1267 (speculative harm cannot provide the basis for a preliminary injunction). Moreover, any harm from the education and training requirements, or practice restrictions imposed on Plaintiff through the DG stipulation occurred in the past. *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1271 (10th Cir. 2018) (affirming district court's finding that the movant "had not shown a sufficient probability of irreparable harm from Defendants' past misconduct"). Plaintiff is currently licensed to practice dentistry in Colorado and has not alleged facts indicating that the ongoing investigation prevents his ability to continue his vocation.

Next, Plaintiff's argument that the Court should presume irreparable harm based on his

5

allegation of a bad faith prosecution is misplaced. In certain circumstances, a party seeking injunctive relief may meet the irreparable harm requirement by making a sufficient showing that he is subject to a bad faith criminal prosecution. *See e.g.*, *Wilson v. Thompson*, 593 F.2d 1375, 1384 (5th Cir. 1979). To determine whether a state prosecution was brought in bad faith, courts look to three factors:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com. of State of Utah*, 240 F.3d 871, 877 (10th Cir. 2001) (quotation marks and citation omitted).

"These factors are important because the cost, anxiety, and inconvenience of defending against a single prosecution brought in good faith is not enough to establish the great and immediate threat of irreparable injury necessary to justify enjoining pending state proceedings." *Phelps v. Hamilton*, 59 F.3d 1058, 1065 (10th Cir. 1995) (quotation marks and citation omitted).

In *Shaw v. Garrison*, a case Plaintiff cites in support of his position that a prosecution brought in bad faith establishes irreparable harm, the court recognized that "unique and bizarre" facts pervaded the investigation creating "extraordinary circumstances" in which the irreparable injury could be shown. 467 F.2d 113, 116, 121 (5th Cir. 1972). In affirming the district court's decision to enjoin the prosecution, the *Shaw* court reasoned it was brought in bad faith because: (1) the investigation commenced three years after the alleged conspiracy occurred; (2) the defendant was randomly targeted with no basis for interrogation; (3) witnesses were drugged and hypnotized to obtain a degree of corroboration of defendant's alleged conduct; and (4) the

prosecutor had a financial interest in the investigation and orchestrated the defendant's public arrest to appease his benefactors. *Id.* at 116-18.

Plaintiff's Motion does not allege facts which rise to this level of harassment or that suggest any corruption. Nor does Plaintiff argue that the disciplinary proceeding has no prospect of success. Instead, he maintains that the Board's investigation was intended only to harass him for practicing biological and holistic dentistry. Yet, Plaintiff provides no evidence of duplicitous investigations or prosecutions, or that he has been treated differently than any other similarly situated dentists. Additionally, there is no indication that the Board has abused its discretion. As Plaintiff argues, the proffered JR resolution would have overlapped with the DG stipulation, but it is unclear how being investigated for dentistry misconduct alleged by two different patients over the course of three years constitutes actual harassment.

Ultimately, the Motion lacks facts demonstrating the disciplinary proceeding was motivated by a discriminatory purpose. The Board provided Plaintiff with notice of the JR complaint and an opportunity to respond. Simply claiming that a prosecution is in bad faith does not show retaliation for the exercise of or violate Plaintiff's constitutional right to due process. Thus, Plaintiff has failed to show irreparable harm if an injunction does not issue.

Because a party seeking a preliminary injunction "must show all four elements," Plaintiff cannot prevail on his Motion. *First W. Cap. Mgmt. Co.*, 874 F.3d at 1143 ("We need not address each of the four preliminary injunction factors here because the district court has already determined [the party seeking injunctive relief] cannot show irreparable harm.").

## IV.   CONCLUSION

Based on the forgoing, it is **ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 40) is **DENIED**.

7

DATED this 16th day of September, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge