IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-03510-RM-SKC

JOHN E. AUGSPURGER, D.D.S.,

    Plaintiff,

v.

THOMAS PYNE, D.D.S., *et al.*, in their official capacities as members of the Colorado Dental Board,

    Defendants.

_____

# ORDER
_____

Before the Court is Plaintiff's Corrected Motion for Reconsideration (ECF No. 48-1), seeking relief under Federal Rules of Civil Procedure 59(e) and 60(b)(6) from the Court's September 16, 2021, Order (ECF No. 46), which denied without a hearing his Motion for Preliminary Injunction (ECF No. 40). The Motion has been fully briefed (ECF Nos. 50, 51) and is denied for the reasons below.

I.    **LEGAL STANDARDS**

    A.    **Rule 59(e)**

Grounds for granting relief under Fed. R. Civ. P. 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). But such a motion "cannot be used to expand a judgment to encompass new

issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted).

### B.     Rule 60(b)(6)

"A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018). In addition to more precise grounds for granting relief under Rule 60(b), the Rule includes the open-ended category of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (noting that in this Circuit, subsection of the Rule has been described as a "grand reservoir of equitable power to do justice in a particular case" (quotation omitted)).

## II.     BACKGROUND

In the Verified Complaint, Plaintiff, a dentist licensed in Colorado, alleges generally that Defendants' "threatened bad faith license disciplinary prosecution" following a patient complaint constitutes harassment and violates his "constitutional due process right . . . to be free from bad faith prosecutions." (ECF No. 2, ¶¶ 5, 9, 11.) In addition to seeking temporary injunctive relief under Fed. R. Civ. P. 65, Plaintiff seeks permanent injunctive relief under 42 U.S.C. § 1983 as well as declaratory relief under 28 U.S.C. § 2201. Defendants' Motion to Dismiss the Verified Complaint has been referred to a magistrate judge for a recommendation and remains pending. (*See* ECF No. 23.)

In his Motion for Preliminary Injunction, Plaintiff sought an order enjoining Defendants "from commencing or causing to commence, maintaining or causing to maintain a bad faith prosecution." (ECF No. 40 at 17.) The Court denied the Motion, finding that he failed to show

he will suffer irreparable harm if the disciplinary proceeding proceeds. (*See* ECF No. 46.) The Motion for Reconsideration followed.

### III. ANALYSIS

Plaintiff argues that the Court erred by concluding that he is asking the Court to presume that the disciplinary prosecution will be in bad faith. (ECF No. 47 at 5.) The crux of the Court's ruling is that the Court found Plaintiff's evidence insufficient to establish that the disciplinary proceeding was being brought in bad faith, and it rejected Plaintiff's conclusory assertions to that effect. For example, the Court noted the absence of allegations of the types of egregious conduct in *Shaw v. Garrison*, 467 F.2d 113, 116 (5th Cir. 1972). The Court also noted the absence of any evidence that Plaintiff was treated differently than any other similarly situated dentists or that Defendants were motivated by a discriminatory purpose. Finding Plaintiff's evidence lacking, the Court went on to state the commonsense proposition that simply claiming that a prosecution is in bad faith does not make it so. (ECF No. 46 at 7.) Thus, Plaintiff's allegations and arguments, taken together, fall well short of establishing a clear and unequivocal right to relief. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004). To the extent the Order frames Plaintiff's arguments as asking the Court to "presume" irreparable harm, the Court discerns no basis for reconsideration.

Plaintiff also argues the Court erred by finding that he was subject to an ongoing disciplinary proceeding, and, without citation, that the Court "misapprehends the law when it states that a final determination of professional misconduct is necessary for an application for injunctive relief in a case of bad faith prosecution." (ECF No. 48-1 at 9.) With respect to the former argument, had the Court found Plaintiff was not yet subject to a disciplinary proceeding,

3

his claim that his injury was "both certain and great," *Dominion*, 356 F.3d at 1262, would only be weakened and more tenuous.[1] With respect to the latter argument, the Court has made no such statement. Further, Plaintiff does not dispute that no final determination of professional misconduct had been made at the time of the Court's Order. The Court stands by its consideration of this undisputed fact in the context of assessing whether Plaintiff had shown an injury that is "certain, great, actual and not theoretical." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (quotation omitted).

Plaintiff's remaining arguments are underdeveloped, hinge on the Court accepting his position that he has made an adequate showing of harassment by Defendants, or both. For example, Plaintiff takes issue with the Court's "finding" that "cost, anxiety and inconvenience in defending against a single prosecution is not enough to establish the great threat of irreparable injury necessary to justify enjoining state proceedings." *Phelps v. Hamilton*, 59 F.3d 1058, 1065 (10th Cir. 1995). But that is a direct quotation from the cited case. Plaintiff also takes issue with the Court's finding that his allegations do not rise to the level of "corruption" because he is not arguing that "corruption" is taking place. The Court is at a loss to see the point in such an argument, but in any event, it is unpersuasive on the relevant issue as to whether the Court should reconsider its determination that Plaintiff has failed to show irreparable harm at this stage of the case.

The Court finds Plaintiff has failed to meet his burden with respect to establishing

---

[1] Plaintiff's contention that there were no ongoing state proceedings when he filed the Verified Complaint may be relevant in assessing Defendants' pending Motion to Dismiss, but it is not directly relevant in the present context of adjudicating the Corrected Motion for Reconsideration. *See NLRB v. Acker Indus., Inc.*, 460 F.2d 649, 652 (10th Cir. 1972) ("Ordinarily, findings made on motion for preliminary injunction, even though they relate in whole or in part to merits of the case, are not determinative of the issues at a subsequent trial.").

grounds for relief under either Rule 59(e) or Rule 60(b)(6).

## IV. CONCLUSION

Accordingly, the Court DENIES Plaintiff's Motion (ECF No. 48-1).

DATED this 30th day of November, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge