IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-03510-RM-SKC

JOHN E. AUGSPURGER, D.D.S.,

    Plaintiff,

v.

THOMAS PYNE, D.D.S., *et al.*, in their official capacities as members of the Colorado Dental Board,

    Defendants.

---

**ORDER**

---

Before the Court is the Recommendation by United State Magistrate Judge S. Kato Crews (ECF No. 59) to grant Defendants' Motion to Dismiss (ECF No. 22). The Court has considered Plaintiff's Objections to the Recommendation (ECF No. 62) and now accepts and adopts the Recommendation for the reasons below.

**I.   LEGAL STANDARDS**

    **A.   Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under

any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.     Fed. R. Civ. P. 12(b)(1)

Pursuant to Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." "The general rule is that subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the court at any point in the proceeding." *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Although the burden of establishing subject matter jurisdiction is on the party asserting jurisdiction, "[a] court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1289 (D. Colo. 2009) (quotation omitted).

## II.    BACKGROUND

Plaintiff, a dentist licensed in Colorado, brought this action for declaratory and injunctive relief against several members of the Colorado Dental Board in an attempt to enjoin the Board from disciplining him following a second patient complaint. The Court has denied both his Motion for Preliminary Injunction and his Motion for Reconsideration, and an appeal of those Orders is pending. (*See* ECF No. 54.) Defendants' Motion to Dismiss was referred to the magistrate judge, who concluded that Plaintiff's claims are barred by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

## III.   ANALYSIS

Plaintiff argues that the proceeding against him brought by the Board is not adjudicative, and therefore *Younger* abstention does not apply. The Court is not persuaded.

The *Younger* abstention doctrine prohibits federal courts from interfering with state court proceedings when (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). However, "even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the exception, not the rule." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81-82 (2013) (quotation omitted).

The magistrate judge determined that each of the *Younger* abstention factors is satisfied. First, there is an ongoing state civil action that began on October 27, 2017, when the Board sent Plaintiff a letter notifying him of its investigation into a complaint by patient J.R. and giving Plaintiff thirty days to respond. This conclusion is inescapable given this case's similarity to *Amanatullah*, which involved an investigation of a physician by the Colorado Board of Medical Examiners. There, the court held that "state proceedings began on March 13, 1996, when the Colorado Board issued its first '30-day' letter to Amanatullah advising him of its investigation into the allegations of the Nevada complaint." 187 F.3d at 1163. Second, Plaintiff has made no showing that Colorado state proceedings before an administrative law judge would not provide an adequate forum to hear any claim he wishes to assert. And third, it is beyond dispute that Colorado has an important interest in protecting its citizens against the harms of improper practice of dentistry. Finally, the magistrate judge also considered and rejected Plaintiff's contention that the state proceedings were being brought in bad faith, citing this Court's previous

Order denying Plaintiff's request for a preliminary injunction and finding that Plaintiff failed to allege facts rising to the level of harassment or suggesting corruption.

In his Objections, Plaintiff contends the Board's investigation into the J.R. complaint does not amount to commencement of an adjudicative proceeding, and therefore *Younger* abstention does not apply. But the Court is not persuaded by Plaintiff's attempt to distinguish "administrative investigations" from "administrative license disciplinary proceedings" under the present circumstances. Plaintiff cites no authority for the proposition that the Board's investigation cannot be considered "judicial" merely because he has not been served with a formal complaint as set forth in Colo. Rev. Stat. § 24-4-105. Further, adopting such a rule would conflict with *Amanatullah*, which, contrary to Plaintiff's arguments, remains good law. To the extent *Jacobs* limited the *Younger* abstention doctrine and, if at all, the holding in *Amanatullah*, the Court finds the Board's investigation following the J.R. complaint fits comfortably within the category of civil enforcement proceedings to which *Younger* has been extended. *See Jacobs*, 571 U.S. at 79 ("Such enforcement actions are characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act.").

Plaintiff's reliance on *Catanach v. Thomson*, 718 F. App'x 595 (10th Cir. 2017) (unpublished), is misplaced. Although the court discussed *Younger* abstention in a footnote, it ultimately did not decide the issue because dismissal was appropriate under the Eleventh Amendment and 42 U.S.C. § 1983. *See id.* at 597 n.2. In any event, the decision is not binding on this Court and comes nowhere near overruling *Amanatullah*, either explicitly or implicitly.

Nor is the Court persuaded by the cases cited by Plaintiff which pertain due process issues. Whatever relevance distinctions between "investigations" and "adjudicatory

4

proceedings" have with respect to due process concerns, Plaintiff has not explained how they are relevant in the context of considering *Younger* abstention, which is principally concerned with avoiding a duplicative legal proceedings and maintaining a proper respect for state functions. *See Jacobs*, 571 U.S. at 77.

## IV. CONCLUSION

Accordingly, the Court OVERRULES Plaintiff's Objections (ECF No. 62), ACCEPTS the Recommendation (ECF No. 59), and GRANTS Defendants' Motion to Dismiss (ECF No. 22).

DATED this 23rd day of February, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge